UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES CONNELLY, Booking #16182065,<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>DUDLEY, San Diego Police Dept., et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 3:17-cv-01557-BTM-MDD<br><br>**ORDER:**<br><br>**1) GRANTING PLAINTIFF LEAVE TO PROCEED IN FORMA PAUPERIS [ECF No. 2]**<br><br>**2) DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM AND FOR SEEKING DAMAGES FROM IMMUNE DEFENDANT PURSUANT TO 28 U.S.C. § 1915(e)(2)(B) AND § 1915A(b)**<br><br>**3) DENYING MOTION FOR ACCESS TO COUNTY JAIL LAW LIBRARY [ECF No. 8]**<br><br>**AND**<br><br>**4) GRANTING MOTION TO AMEND COMPLAINT [ECF No. 6]** |

JAMES CONNELLY ("Plaintiff"), a pretrial detainee at the Central Jail in San Diego, California ("SDCJ") and proceeding pro se, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1).

1

Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a) when he filed his Complaint; instead, he submitted a Prison Certificate completed by a SDCJ Administrative Sergeant attesting to his trust account activity, which the Court will construe as a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2). Plaintiff has also filed several supplemental documents on San Diego Sheriff's Department Inmate Stationary, one of which requests leave to amend (ECF No. 6), and one which seeks court-ordered access to the SDCJ library (ECF No. 8).

## I. Leave to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, __ S. Ct. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for ... the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

As noted above, while Plaintiff has not filed a formal Motion to Proceed IFP, he did submit a Prison Certificate issued by an official at the SDCJ attesting as to his account balances as required by 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2. *See* ECF No. 2 at 1; *Andrews*, 398 F.3d at 1119. This Certificate shows Plaintiff had no average monthly deposit, carried an average monthly balance of only $.04 in his account during the 6-month period preceding the filing of this action, and had only $.25 in available funds to his credit at the time of filing.

Based on this accounting, the Court finds Plaintiff is "unable to pay" any initial partial filing fee pursuant to 28 U.S.C. § 1915(a)(a) and (b)(1) at this time. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 136 S. Ct. at 630; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds available to him when payment is ordered.").

Accordingly, the Court grants Plaintiff leave to proceed IFP (ECF No. 2), declines to exact any initial filing fee because his SDCJ certificate shows he "has no means to pay it," *Bruce*, 136 S. Ct. at 629, and directs the Watch Commander of the SDCJ, or his designee, to collect the entire $350 balance of the filing fees required by 28 U.S.C. § 1914 and to forward them to the Clerk of the Court pursuant to the installment payment

provisions set forth in 28 U.S.C. § 1915(b)(1). *See id.*

## II. Screening Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)

### A. Standard of Review

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)").

Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*;

*see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

### B. Plaintiff's Allegations

Plaintiff claims San Diego Police Officer Dudley "ma[d]e him confess in violation of the 5th Amendment" after his arrest and during an interrogation on December 27, 2016, and December 28, 2016. *See* ECF No. 1 at 1-3.

Plaintiff further claims the SDCJ thereafter violated his Eighth Amendment rights by failing to provide adequate medical care for his infected foot, diabetes, heart, blood pressure, schizophrenia and sleep apnea. *Id.* at 4.

In addition, Plaintiff contends San Diego County Public Defenders McCoy and Velekar have violated his rights to a speedy trial and due process by "behav[ing] as couriers for District Attorney's plea bargains," and "devis[ing] psychological evaluations to contain him in custody," "break him," and to "obstruct justice." *Id.* at 5.

Finally, Plaintiff claims San Diego Superior Court Judge Polly Shamoon has similarly violated his rights to a speedy trial, due process, and to "fire" his "incompetent and obstinate attorney," as well as his rights under the Americans with Disabilities Act, by "allowing [his] public defenders to shop for five psychiatrists," and "extend[ing] incompetency evaluations." *Id.* at 6.

He seeks injunctive relief preventing Defendants from "stealing legal mail," a "dismissal in toto" of criminal proceedings which appear to have been ongoing at the time he filed this case, and $40 million in general and punitive damages. *Id.* at 1, 8.

### C. 42 U.S.C. § 1983

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotation marks and citations omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2)

that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

### D. San Diego County Jail

First, to the extent Plaintiff seeks to sue the San Diego County Jail, he fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); § 1915A(b)(1).

A municipality's jail is not a "person" subject to suit under § 1983. "Persons" are state and local officials sued in their individual capacities, private individuals and entities who act under color of state law, and local governmental entities themselves. *Vance v. Cnty. of Santa Clara*, 928 F. Supp. 993, 995-96 (N.D. Cal. 1996). The San Diego County Jail is a pre-trial detention facility managed by the County of San Diego and, therefore, is not considered a "person" within the meaning of section 1983. *See e.g., United States v. Kama*, 394 F.3d 1236, 1239 (9th Cir. 2005) ("[M]unicipal police departments and bureaus are generally not considered 'persons' within the meaning of section 1983."); *Rodriguez v. Cnty. of Contra Costa*, 2013 WL 5946112 at *3 (N.D. Cal. Nov. 5, 2013) (citing *Hervey v. Estes*, 65 F.3d 784, 791 (9th Cir. 1995)) ("Although municipalities, such as cities and counties, are amenable to suit under *Monell [v. Dep't of Social Servs,* 436 U.S. 658 (1978)], sub-departments or bureaus of municipalities, such as the police departments, are not generally considered "persons" within the meaning of § 1983."); *Nelson v. Cty. of Sacramento*, 926 F. Supp. 2d 1159, 1170 (E.D. Cal. 2013) (dismissing Sacramento Sheriff's Department from section 1983 action "with prejudice" because it "is a subdivision of a local government entity," *i.e.*, Sacramento County); *Marsden v. Fed. BOP*, 856 F. Supp. 832, 836 (S.D.N.Y. 1994) (county jail not an entity amenable to suit under 42 U.S.C. § 1983); *Powell v. Cook County Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993) (Cook County Jail not a "person" under § 1983); *McCoy v. Chesapeake Corr'l Ctr.*, 788 F. Supp. 890, 893-94 (E.D. Va. 1992) (local jail not a "person" under § 1983).

### E. Public Defenders

Second, to the extent Plaintiff seeks to sue San Diego County Public Defenders McCoy and Velekar, he also fails to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). "[A]

6

public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Garnier v. Clarke*, 332 Fed. App'x 416 (9th Cir. 2009) (affirming district court's sua sponte dismissal of prisoner's § 1983 claims against appointed counsel).

### F. Judge Polly Shamoon

Third, Plaintiff's Complaint must be dismissed insofar as he seeks monetary damages from San Diego Superior Court Judge Polly Shamoon, who is alleged to be presiding over his criminal case, and who is absolutely immune. *See* 28 U.S.C. § 1915(e)(2)(B)(iii); *Chavez v. Robinson*, 817 F.3d 1162, 1167-68 (9th Cir. 2016) (noting § 1915(e)(2)(B)(iii) requires the court to dismiss an action "at any time" if it "seeks monetary relief from a defendant who is immune from such relief.").

Judges are absolutely immune from damage liability for acts which are judicial in nature. *Forrester v. White*, 484 U.S. 219, 227-229 (1988); *see also Stump v. Sparkman*, 435 U.S. 349, 355-57 (1978); *Pierson v. Ray*, 386 U.S. 547, 553-55 (1967). Judicial immunity applies to actions brought under 42 U.S.C. § 1983 for acts committed within the scope of judicial duties, "even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Stump*, 435 U.S. at 356. "[A] judge will not be deprived of immunity because the action [s]he took was in error, was done maliciously, or was in excess of [her] authority; rather, [s]he will be subject to liability only when [s]he has acted in the clear absence of all jurisdiction." *Id.* at 356-37; *see also Forrester*, 484 U.S. at 227 (a judicial act "does not become less judicial by virtue of an allegation of malice or corruption of motive"); *Mireless v. Waco*, 502 U.S. 9, 12 (1991).

Here, Plaintiff claims Judge Shamoon violated his rights to due process and a speedy trial from December 2016 "to present" by denying him the "right to fire [his] incompetent and obstinate attorney," by approving his appointed counsel's requests for "incompetency evaluations," and by refusing to dismiss the criminal charges filed against

7

him. *See* ECF No. 1 at 1, 6. Because all of these decisions were made in her capacity as a judge presiding over Plaintiff's case, Judge Shamoon must be dismissed as absolutely immune. *See* 28 U.S.C. §§1915(e)(2)(B)(iii), 1915A(b)(2).

G. Criminal Proceedings – *Preiser* and *Younger*

Finally, to the extent Plaintiff seeks money damages based on alleged violations of his constitutional rights by Defendant Dudley, the San Diego Police Officer who is alleged to have interrogated him following his arrest, his appointed counsel, and the judge presiding over his trial proceedings, and to the extent he seeks either this Court's intervention in or dismissal of those proceedings, *see* ECF No. 1 at 8, relief is not available under 42 U.S.C. § 1983.

Federal courts may not interfere with ongoing state criminal proceedings absent extraordinary circumstances. *Younger v. Harris*, 401 U.S. 37, 45-46 (1971); *see Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982) (*Younger* "espouse[d] a strong federal policy against federal-court interference with pending state judicial proceedings."). Abstention under *Younger* is required when "(1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, *i.e.*, would interfere with the state proceeding in a way that *Younger* disapproves." *San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008).

Plaintiff alleges his criminal proceedings were "ongoing" at the time he filed his Complaint. *See* ECF No. 1 at 1. There is no question his criminal proceedings involve important state interests. In addition, Plaintiff's claims—alleged violations of *Miranda v. Arizona*, 384 U.S. 436 (1966), his right to a speedy trial, and his Sixth Amendment right to effective assistance of counsel, *see* ECF No. 1 at 3, 5-6, are the type of claims the state courts afford an adequate opportunity to raise on direct appeal. *San Jose Silicon Valley*, 546 F.3d at 1092. Thus, because his criminal proceedings were alleged to be ongoing at

the time he filed suit, Plaintiff may not proceed in a § 1983 action. *See Huffman v. Pursue, Ltd.*, 420 U.S. 592, 608 (1975) (holding that *Younger* applies to state appellate proceedings as well as ongoing proceedings in state trial court); *see also Drury v. Cox*, 457 F.2d 764, 764-65 (9th Cir. 1972) ("[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction ... until after the jury comes in, judgment has been appealed from and the case concluded in the state courts.").

In addition to monetary relief, Plaintiff also requests a "dismissal in toto" of his criminal case. *See* ECF No. 1 at 8. However, "[s]uits challenging the validity of [a] prisoner's continued incarceration lie within 'the heart of habeas corpus.'" *Ramirez v. Galaza*, 334 F.3d 850, 856 (9th Cir. 2003) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 489-99 (1973) (holding that a writ of habeas corpus is "explicitly and historically designed" to provide a state prisoner with the "exclusive" means to "attack the validity of his confinement" in federal court)). "'[A] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody.'" *Id.*; *see also Nettles v. Grounds*, 830 F.3d 922, 928 (9th Cir. 2016) (en banc) ("[C]laims ... which would ... result[ ] in immediate release if successful, f[a]ll within the core of habeas corpus and therefore [must] be brought, if at all, in habeas.") (citing *Preiser*, 411 U.S. at 487), *cert. denied*, 137 S. Ct. 635 (No. 16-6556) (Jan. 9, 2017); *see also Pattillo v. Lombardo,* No. 2:17-CV-01849-JAD-VCF, 2017 WL 3622778, at *4 (D. Nev. Aug. 23, 2017) ("When a prisoner challenges the legality or duration of his custody, raises a constitutional challenge which could entitle him to an earlier release (such as ineffective assistance of counsel), or seeks damages for purported deficiencies in his state court criminal case, which effected a conviction or lengthier sentence, his sole federal remedy is the writ of habeas corpus.").

H. <u>Motions for Leave to Amend & Library Access</u>

Plaintiff has also filed a Motion seeking leave to amend his Complaint (ECF No. 6), together with a "Motion to Use San Diego Jail Library" in order to "pursue his defense and for perusing … his U.S. and Californian Constitutional rights." *See* ECF No.

8 at 2.

A pro se litigant must be given leave to amend his pleading to state a claim unless it is absolutely clear the deficiencies cannot be cured by amendment. *See Lopez*, 203 F.3d at 1130 (noting leave to amend should be granted when a complaint is dismissed under 28 U.S.C. § 1915(e) "if it appears at all possible that the plaintiff can correct the defect"). Therefore, while the Court has found Plaintiff's Complaint fails to state a claim upon which relief can be granted, and that it seeks monetary damages against a defendant who is absolutely immune, it will provide him a chance to fix his pleading deficiencies, if he can. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)).

However, to the extent Plaintiff also seeks injunctive relief in the form of a Court order requiring SDCJ officials to permit his use of the "facility[y]'s equipment, copiers, computers, books, supplies, and research facilities during all hours," so that he may "pursue his defense" and "peruse" his rights, *see* ECF No. 8 at 2, his Motion is denied. While he has a constitutional right to petition for redress and to access to the Court, that right is necessarily limited by the circumstances of his detention. *See Bounds v. Smith*, 430 U.S. 817, 821 (1977), *limited in part on other grounds by Lewis v. Casey*, 518 U.S. 343 (1996). In *Lewis*, the Supreme Court established that a prisoner's right of access to the courts does not include "an abstract, freestanding right to a law library or legal assistance." *Lewis*, 518 U.S. at 351. More importantly, this Court currently has no personal jurisdiction over SDCJ officials and therefore cannot issue orders concerning them. *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 110 (1969); *Young v. Garay*, No. 15-CV-03267-KAW(PR), 2016 WL 3208677, at *4 (N.D. Cal. June 9, 2016) (denying motion for library access because library officials prisoner sought to enjoin were not parties to the action).

///
///
///

10

## III. Conclusion and Orders

Good cause appearing, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

2. **DIRECTS** the Watch Commander of the SDCJ, or his designee, to collect from Plaintiff's trust account the $350 filing fee owed in this case by garnishing monthly payments from his account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on the Watch Commander, San Diego Central Jail, 1173 Front Street, San Diego, California, 92101.

4. **DENIES** Plaintiff's Motion for Access to County Jail Library (ECF No. 8).

5. **DISMISSES** Plaintiff's Complaint for failing to state a claim and for seeking damages from a defendant who is absolutely immune pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b), and

6. **GRANTS** Plaintiff's Motion to Amend (ECF No. 6). Within forty-five (45) days leave from the date of this Order, Plaintiff may file an Amended Complaint which cures all the deficiencies of pleading noted. Plaintiff's Amended Complaint must be complete by itself without reference to his original pleading. Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

///

| | |
|---|---|
| 1 | If Plaintiff fails to file an Amended Complaint within the time provided, the Court |
| 2 | will enter a final Order dismissing this civil action based on Plaintiff's failure to state a |
| 3 | claim upon which relief can be granted, and for seeking monetary damages against a |
| 4 | defendant who is absolutely immune pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and |
| 5 | 1915A(b), as well as for his failure to prosecute in compliance with a court order |
| 6 | requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a |
| 7 | plaintiff does not take advantage of the opportunity to fix his complaint, a district court |
| 8 | may convert the dismissal of the complaint into dismissal of the entire action."). |

**IT IS SO ORDERED**.

Dated: November 6, 2017

_____
Hon. Barry Ted Moskowitz, Chief Judge
United States District Court