UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES CONNELLY, Booking #16182065,<br><br>Plaintiff,<br><br>vs.<br><br>DUDLEY, San Diego Police Dept., et al.,<br><br>Defendants. | Case No. 3:17-cv-01557-BTM-MDD<br><br>**ORDER DISMISSING CIVIL ACTION PURSUANT TO 28 U.S.C. § 1915(e)(2) AND § 1915A(b) AND FOR FAILING TO PROSECUTE IN COMPLIANCE WITH COURT ORDER REQUIRING AMENDMENT** |

JAMES CONNELLY ("Plaintiff"), while a pretrial detainee at the San Diego County Jail in San Diego, California, and proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 on August 1, 2017 (ECF No. 1). Plaintiff claimed that a San Diego Police Officer, the County Jail, two of his public defenders, and a San Diego Superior Court Judge violated his constitutional rights during criminal proceedings which were ongoing at the time he filed his Complaint. (*Id.* at 1-8.)

**I.     Procedural History**

On November 6, 2017, the Court granted Plaintiff leave to proceed in forma pauperis, but dismissed his Complaint for failing to state any claim upon which relief could be granted and for seeking damages against a judge who was absolutely immune

pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) (ECF No. 9). Plaintiff was informed of his various pleading deficiencies, and granted 45 days leave in which to file an Amended Complaint that fixed them. (*Id.* at 5-12.) Plaintiff was further cautioned his failure to amend would result in the dismissal of his case. (*Id.* at 12, *citing Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into a dismissal of the entire action.")).

More than two months have passed since the Court's November 6, 2017 Order, and Plaintiff's Amended Complaint was due on or before December 22, 2017. But to date, Plaintiff has failed to file an Amended Complaint, and has not requested an extension of time in which to do so.[1] "The failure of the plaintiff eventually to respond to the court's ultimatum–either by amending the complaint or by indicating to the court that [he] will not do so–is properly met with the sanction of a Rule 41(b) dismissal." *Edwards v. Marin Park*, 356 F.3d 1058, 1065 (9th Cir. 2004).

## II. Conclusion and Order

Accordingly, the Court **DISMISSES** this civil action in its entirety without prejudice based on Plaintiff's failure to state a claim upon which § 1983 relief can be granted, for seeking damages against a defendant who is absolutely immune pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b), and his failure to prosecute pursuant to FED. R. CIV. P. 41(b) in compliance with the Court's November 6, 2017 Order (ECF No. 9).

---

[1] In fact, the Court's November 6, 2017 Order was returned undeliverable by the U.S. Post Office on November 15, 2017 (ECF No. 10), and Plaintiff has filed nothing since. The Local Rules of this Court provide that "[a] party proceeding pro se must keep the court and opposing parties advised as to current address. If mail addressed to a pro se plaintiff by the clerk at the plaintiff's last designated address if returned by the Post Office, and if such plaintiff fails to notify the court and opposing parties within 60 days thereafter of the plaintiff's current address, the court may dismiss the action without prejudice for failure to prosecute." S.D. Cal. CivLR 83.11.b. Those 60 days elapsed on January 16, 2018, since January 15, 2018 was a legal holiday. *See* Fed. R. Civ. P. 6(a)(1)(C).

The Court further **CERTIFIES** that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) and **DIRECTS** the Clerk to enter a final judgment of dismissal and close the file.

**IT IS SO ORDERED**.

Dated: January 20, 2018

_____
Hon. Barry Ted Moskowitz, Chief Judge
United States District Court